O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANGELA FLORES, | ) | CASE NO. CV 08-03501 (RZ) |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Although the Administrative Law Judge found that Plaintiff suffered from both severe physical and medical impairments, in this Court Plaintiff challenges the denial of disability benefits only with respect to the mental impairments. The Administrative Law Judge found that Plaintiff had a "major depressive disorder, recurrent, severe with psychotic features" [AR 22], but concluded that she could work as long as she avoided interaction with the general public [AR 23], and that she could perform her prior work as a janitor/cleaner. [AR 25] Therefore, the Administrative Law Judge concluded that Plaintiff was not disabled. [AR 26]

The Administrative Law Judge's discussion of Plaintiff's mental impairment was brief. She noted that, three years apart, two treating doctors had rated Plaintiff as having a General Assessment of Functioning score of 35, which she said was not supported by any treatment notes. She also said that this score was "contradicted" by a score of 50

from the Department of Mental Health. She noted that one of the doctors who had assigned a GAF of 35 had opined that Plaintiff was not suicidal, and the other had opined that Plaintiff was competent to self-manage funds, which the Administrative Law Judge stated was "inconsistent with marked mental functional limitations." The Administrative Law Judge concluded that Plaintiff did not have the marked limitations sufficient to meet "any of the mental listings." [AR 23]  In discussing Plaintiff's residual functional capacity, the Administrative Law Judge also noted that Plaintiff has a problem being around people, because she does not trust them, and that there was a lack of consistent mental health treatment such as counseling. [AR 24-25]

In this Court, Plaintiff challenges the Administrative Law Judge's assessment of her mental capability by saying that the Administrative Law Judge did not properly evaluate the views of the two treating physicians who each had assigned a GAF of 35. The opinion of a treating physician is given greater weight than the opinion of other physicians. *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001), and the Administrative Law Judge can reject the opinion only by giving specific, legitimate reasons backed by substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). In this Court, the Commissioner argues that the "[t]he battle of the GAF scores is a red herring" (Defendant's Memorandum in Support of Answer 4:3), and asserts that the GAF is fairly meaningless. But it was the Administrative Law Judge who relied so heavily on the differing GAF's, and therefore the GAF cannot be dismissed so easily.

The Court does agree that the GAF cannot be made to do too much, *Howard v. Commissioner of Social Security*, 276 F.3d 235 (6th Cir. 2002); in this case, at least, it does not determine disability *vel non*. In fact, the Administrative Law Judge's discussion of the GAF's occurred in the context of finding that Plaintiff did not meet one of the listings in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix I. A person who meets one of the Listings automatically is disabled. *Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1996). It is possible, therefore, to understand the Administrative Law Judge's

discussion of the GAF's as limited to the context of whether Plaintiff met a listing. So viewed, any error would be harmless; Plaintiff does not assert that she met a listing.

        Plaintiff's challenge here is not just to the question of which GAF is appropriate, however, but as to whether the Administrative Law Judge identified specific and legitimate reasons for rejecting the views of the treating physicians. On that point, the GAFs are probative evidence. The slightly higher GAF of 50, which the Administrative Law Judge referenced as "contradicting" the others, was given in June 2004, three months before that given by one of the other doctors, and three and a half *years* before that given by the other doctor. [AR 23] Moreover, the GAF's were not the only evidence. The reports of the psychiatrists contained descriptive assessments. Dr. Hussain, one of the doctors who had rated Plaintiff with a GAF of 35, described Plaintiff as "emotionally rather labile," with auditory and visual hallucinations, and little insight into her own problems. He also noted that she had attempted suicide on two prior occasions, although she was not presently suicidal. [AR 128-29] Dr. Hernandez, the other doctor who assigned a GAF of 35, noted that Plaintiff was "tearful and fearful," that her judgment was poor on a day-to-day basis and she was unable to make decisions, that Plaintiff stated that she talks to and sees God, that at times she was unable to take care of her family, and that she was isolated and withdrawn. [AR 202-04] Even the report from the Department of Mental Health social worker, which appears to have been approved by a psychologist, and which contained the GAF of 50, noted Plaintiff's mood as tearful, with inappropriate crying [AR 134], and thought the matter sufficiently serious that she should be assigned a case worker. [AR 135] At one point, at least, Plaintiff also was taking several psychotropic medications. [AR 136]

        Other than opting for the higher GAF (which, as noted above, was done in the context of determining that Plaintiff did not meet a listing), the Administrative Law Judge only stated that the GAF's were not backed up by treatment records, and that there was a lack of consistent treatment such as counseling. Dr. Hussain's report and GAF, however, were made at the start of Plaintiff's therapy, and so there would have been no treatment

notes. One might have expected more by the time of the 2007 review by Dr. Hernandez, but the absence of the notes is not conclusive; rather, it speaks to the need for more information. This is one of those cases where the data is, in fact ambiguous; in such cases, a duty falls on the Administrative Law Judge to develop the record further. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). The Administrative Law Judge is empowered to contact the treating sources to probe ambiguities, or to have a medical expert involved. 20 C.F.R. §§ 404.1512(e) and (f); 416.912(e) and (f).

      The Administrative Law Judge not having provided sufficient reasons for rejecting the assessments of the treating physicians, the matter must be reviewed further. Accordingly, the Commissioner's decision is reversed, and the matter is remanded for further proceedings consistent with this Memorandum Opinion.

      DATED: April 6, 2009

                                      RALPH ZAREFSKY
                          UNITED STATES MAGISTRATE JUDGE